NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 31 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHANNON BERLANT,

Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT OF
COMMERCE; NATIONAL INSTITUTE
OF STANDARDS AND TECHNOLOGY,

Defendants - Appellees.

No. 25-1446

D.C. No. 3:23-cv-00868-IM

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted July 29, 2026**

Before:    McKEOWN, TALLMAN, MENDOZA, JR., Circuit Judges.

Shannon Berlant appeals pro se from the district court's summary judgment

in her action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a),

seeking documents from the United States Department of Commerce ("DOC").

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Pomares v. Dep't of Veterans Affs.*, 113 F.4th 870, 879 (9th Cir. 2024).  We affirm.

The district court properly granted summary judgment because Berlant failed to raise a genuine dispute of material fact as to whether the DOC did not perform an adequate search in response to her requests or as to whether the DOC improperly withheld records under FOIA exemptions.  *See id.* (explaining that an agency fulfils its duty under § 552(a) to make records promptly available if it performs an adequate search); *id*. at 881-885 (describing how a government agency establishes that Exemptions 4 and 6 apply).

The district court did not abuse its discretion by denying Berlant's motion for limited discovery because "the underlying case revolves around the propriety of revealing certain documents."  *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (setting forth standard of review and explaining limitations on discovery in FOIA actions).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009)

**AFFIRMED.**